OPINION
{¶ 1} This appeal from the Guernsey County Common Pleas Court concerns the questions of a meaningful offer of uninsured and underinsured coverage (UM/UIM) and a knowing rejection of such insurance.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The Court granted Appellee's motion for summary judgment, thereby denying UM/UIM coverage.
 {¶ 3} Appellant held an auto liability policy and an umbrella policy with Appellee, United Services Automotive Association (USAA).
 {¶ 4} After an accident on July 1, 1997, Appellant filed a claim under the umbrella policy for UM/UIM coverage. Such claim was rejected.
 {¶ 5} Appellant was involved in a second auto accident and filed a similar claim with Appellee, which was also denied.
 {¶ 6} Appellant had been a resident of Michigan when the insurance with Appellee commenced. He moved to Ohio in 1995.
 {¶ 7} Appellee issued a letter to Appellant on August 23, 1995, offering UM/UIM insurance together with a rejection form.
 {¶ 8} The rejection was signed on September 7, 1995.
 {¶ 9} The original form to Appellant omitted references to the coverage and premium cost of UM insurance.
 {¶ 10} Appellant raises two Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY RELYING UPON EXTRINSIC EVIDENCE TO DETERMINE WHETHER USAA MADE A MEANINGFUL OFFER OF UNINSURED/UNDERINSURED MOTORIST COVERAGE TO PLAINTIFF/APPELLANT TO ENABLE PLAINTIFF TO MAKE A KNOWING REJECTION OF COVERAGE.
 {¶ 12} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ITS HOLDING THAT THE EXTRINSIC EVIDENCE SUBMITTED BY USAA WAS SUFFICIENT TO SHOW IT MADE A MEANINGFUL OFFER OF UNINSURED/UNDERINSURED MOTORIST COVERAGE TO ENABLE PLAINTIFF TO MAKE A REJECTION OF COVERAGE."
 I., II. {¶ 13} The First Assignment of Error asserts that extrinsic evidence is not permitted to establish that a meaningful offer of UM/UIM insurance has been made in this case as the law applicable to the facts is S.B. 20 rather than the subsequent provisions of H.B. 261.
 {¶ 14} The applicability of S.B. 20 is not contested.
 {¶ 15} The basic requirements of such applicable statute were stated in Linko v. Indemnity Insurance Co. v. North America
(2000), 90 Ohio St.3d 445:
 {¶ 16} "To satisfy the offer requirement of R.C. 3937.18, the insurer must inform the insured of the availability of UM/UIM coverage, set forth the premium for UM/UIM coverage, include a brief description of the coverage, and expressly state the UM/UIM coverage limits in its offer."
 {¶ 17} H.B. 261 provided that once a written rejection of UM/UIM coverage is executed, a presumption that such coverage was offered arises.
 {¶ 18} In addressing the viability of the Linko
requirements to H.B. 261 and in response to two questions certified by the United States District Court, the Ohio Supreme Court in Kemper, et al vs. Michigan Millers Mutual InsuranceCompany, et al. (2002), 98 Ohio St.3d 162, held:
 {¶ 19} "(1) the Linko requirements relative to an offer of uninsured and underinsured motorist (UM/UIM) coverage apply to a policy of insurance written after enactment of prior statute requiring an offer and before statute eliminating requirement of an offer, and (2) a signed rejection does not act as an effective declination of UM/UIM coverage, where there is no other evidence, oral or documentary, of an offer of coverage."
 {¶ 20} The Kemper, supra, holding is not of significant assistance in responding to the correctness of Judge Ellwood's conclusion that extrinsic evidence was permissible in that it had under consideration H.B. 261, not S.B. 20 and also included the words "where there is no other evidence, oral or documentary, of an offer of coverage." Such added language implies acceptance of extrinsic evidence as to H.B. 261 law.
 {¶ 21} The Sixth District Appellate Court in Akins v. HarcoInsurance Company (2004), 158 Ohio App.3d 292, reviewed the various decisions and excluded extrinsic evidence, but had H.B. 261 under consideration, not S.B. 20.
 {¶ 22} This case was reversed as to extrinsic evidence by the Ohio Supreme Court in 106 Ohio St.3d 41.
 {¶ 23} Again, the Supreme Court revisited the issue inHollon v. Clary, Twin City Fire Ins. Co. (2004),104 Ohio St.3d 526.
 {¶ 24} This case permitted extrinsic evidence to show knowledge of the insured as to the offer, once rejected, of theLinko requirements even though not complete in the tendered offer. This case, however, concerned H.B. 261 but it also reviewed the differences created by this Bill as opposed to the prior version of S.B. 20 in stating:
 {¶ 25} "The H.B. 261 version of R.C. 3937.18(C) differs from the H.B. 20 version interpreted in Linko by providing that a signed rejection of coverage creates the presumption that a valid offer of coverage has been made. It read: "A named insured's or applicant's written, signed rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's written, signed selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be effective on the day signed, shall create a presumption of an offer of coverages consistent with division (A) of this section, and shall be binding on all other named insureds, insureds, or applicants." Because the GeneralAssembly amended the statute to create the presumption of a validoffer when an insured signs a rejection of coverage, Linko'srequirements are arguably less relevant to the H.B. 261 versionof R.C. 3937.18 than they are to the S.B. 20 version, the statutethat Linko addressed. Nonetheless, in Kemper we held thatLinko applies to H.B. 261. But we left unanswered how it applies.
 {¶ 26} The Linko requirements are a means to an end. They were chosen to ensure that insurers make meaningful offers. A "meaningful offer" is "an offer that is an offer in substance and not just in name" that "allow[s] an insured to make an express, knowing rejection of [UM/UIM] coverage." Linko,90 Ohio St.3d at 449, 739 N.E.2d 338. Though Twin City's written offer, per se, did not satisfy all the Linko requirements, we will not elevate form over substance or ignore the expressed intent of the parties to a contract. Unequivocally, American expressed that it did not wish to purchase UM/UIM coverage. Twin City's written offer of UM/UIM coverage, in conjunction with Miller's unrebutted affidavit, demonstrates that American's rejection was made after having received a brief description of coverage, an express statement of UM/UIM coverage limits, and the applicable premiums. We are, therefore, certain that American made an express, knowing rejection of UM/UIM coverage, and under H.B. 261, we can presume that a valid offer had been made.
 {¶ 27} "Accordingly, we hold that a signed, written rejection of UM/UIM coverage is valid under the H.B. 261 version of R.C.3937.18 if it was made in response to an offer that included a brief description of the coverage and the coverage premiums and limits. Once a signed rejection is produced, the elements of the offer may be demonstrated by extrinsic evidence."
 {¶ 28} We recognize the difficulty in this area where so many legislative changes have occurred as was well expressed by our esteemed colleague Judge Ellwood in stating:
 {¶ 29} "This Court is therefore left with the horns of the dilemma that if pursuant to Akins, supra, extrinsic evidence may be used to establish a valid offer and rejection of underinsured/uninsured motorist coverage in determining the intent of the parties, the Defendant's Motion for Summary Judgment must be granted. However, if pursuant to R.C. § 3937.18
as enacted by Senate Bill 20, the Linko requirements must all be set forth in writing making the offer and rejection, Plaintiffs Motion for Summary. Judgment determining that by operation of law he is entitled to the umbrella policy limits for UM/UIM claims must be granted.
 {¶ 30} "As Akins, supra, is the last pronouncement by the Supreme Court of Ohio, this Court determines that once a written rejection of uninsured/underinsured motorist coverage is produced and established, extrinsic evidence may be used to establish the intent of the parties."
 {¶ 31} The distinction we draw, however, is that a presumption of a valid offer arises under H.B. 261 after which the Supreme Court has allowed extrinsic evidence as shown in theAkins, supra, case.
 {¶ 32} However, S.B. 20 does not provide such presumption and the Supreme Court has specifically drawn a distinction between the two statutes in Hollon, supra, which, to us, requires a conclusion that extrinsic evidence is not permitted under S.B. 20.
 {¶ 33} Therefore, the First Assignment is sustained.
 {¶ 34} Because of this ruling, the Second Assignment is moot.
 {¶ 35} This cause is reversed and remanded for further proceedings consistent herewith.
Boggins, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum Opinion on file, the judgment of the Guernsey County Court of Common Pleas is reversed and remanded for further proceedings consistent herewith. Costs assessed to Appellee.